**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-1142**

CARAHSOFT TECHNOLOGY CORPORATION,

Plaintiff - Appellee,

v.

5X TECHNOLOGY LLC,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. T.S. Ellis, III, Senior District Judge. (1:17-cv-00679-TSE-TCB)

Submitted: July 31, 2018                          Decided: August 20, 2018

Before THACKER and HARRIS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Craig C. Reilly, Alexandria, Virginia, for Appellant. Nancy D. Greene, LAND, CARROLL & BLAIR, PC, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In this contract dispute action, filed pursuant to diversity jurisdiction, 5X Technology LLC ("5X Technology") appeals the district court's order granting summary judgment to the Plaintiff, Carahsoft Technology Corporation ("Carahsoft"). On appeal, 5X Technology argues that the court relied on impermissible factual assumptions and inferences in favor of Carahsoft to conclude that a credit application and agreement was valid and binding. Specifically, 5X Technology asserts that: the credit application and agreement expired before Carahsoft filed suit for interest and fees; the credit application and agreement are invalid because a Carahsoft representative did not sign the document; the course of dealing between the parties demonstrates that Carahsoft waived its right to invoke the remedies under the credit application and agreement and therefore liability is limited to the unpaid purchase price for goods and incidental expenses; and, if the credit application and agreement is held to be valid, liability is only limited to the $150,000 credit applied for in the credit application and not to any orders or amount owed in excess of $150,000. Finding no error, we affirm.

We review "de novo the district court's order granting summary judgment." *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 565 n.1 (4th Cir. 2015). "A district court 'shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* at 568 (quoting Fed. R. Civ. P. 56(a)). "A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party." *Id.* (internal quotation marks omitted). In determining whether a genuine issue of material fact exists, the court "view[s] the facts

2

and all justifiable inferences arising therefrom in the light most favorable to . . . the nonmoving party." *Id.* at 565 n.1 (internal quotation marks omitted). However, "the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." *Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013).

We have reviewed the parties' briefs and the joint appendix, and fully considered the arguments on appeal, and find no reversible error. Accordingly, we affirm for the reasons stated by the district court. *Carahsoft Tech. Corp. v. 5X Tech. LLC*, No. 1:17-cv-00679-TSE-TCB (E.D. Va. Jan. 3 & 18, 2018). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*
